IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SANDRA BARTZ | § | |
| | § | |
| v. | § | A-05-CA-959 LY |
| | § | |
| THE MITCHELL CENTER D/B/A THE | § | |
| TEXAS PREPARATORY SCHOOL AND | § | |
| MARK TERRY | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Motion for Summary Judgment, filed on November 30, 2007 (Clerk's Docket No. 17); Plaintiff's Response. filed on December 28, 2007 (Clerk's Docket No. 21); Plaintiff's Objection to Defendants' Summary Judgment Evidence, filed on December 28, 2007 (Clerk's Docket No. 24);[1] and Defendants' Reply, filed on January 8, 2008 (Clerk's Docket No. 31). The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

---

[1] Plaintiff objects to several of Defendants' exhibits on the basis of hearsay. However, Defendants' response avers that two of the documents are business records excluded from the hearsay rule under Federal Rule of Evidence 803(6), and that the remaining two exhibits are not offered for the truth of the matter asserted. The Court also notes that it has not relied on these exhibits in issuing the instant Report and Recommendation. Accordingly, the Court HEREBY DENIES Plaintiff's Objection to Defendants' Summary Judgment Evidence (Docket No. 24).

## I. GENERAL BACKGROUND

Plaintiff Sandra Bartz ("Plaintiff") was employed as a middle school teacher with the Mitchell Center Boys & Girls Clubs of South Central Texas d/b/a Texas Preparatory School ("TPS" or "Defendants") from 2003 until she was terminated on October 25, 2004, for alleged insubordination. Plaintiff alleges that Defendants TPS and Mark Terry, the school's superintendent and Plaintiff's direct supervisor, discriminated against her because of her sex and ultimately terminated her in retaliation for having filed a complaint with the Texas Education Agency regarding the school's lack of special education classes. On November 15, 2005, Plaintiff filed the instant employment discrimination suit against Defendant TPS and Mark Terry under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq, and Title IX of the Federal Education Code. In addition to her sex discrimination claim, Plaintiff alleges sexual harassment, failure to hire, train, supervise and retain supervisors, retaliation, and tortious interference with present, past, and prospective business relationships. Defendants contend that Plaintiff was not terminated because of her sex or in retaliation for having filed a complaint with the Texas Education Agency, but because of insubordination and for her failure to accept a teaching assignment from her supervisor.

On April 24, 2007, the District Court referred this case to the instant Magistrate Judge for resolution and Report & Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. On November 30, 2007, Defendants filed its motion for summary judgment arguing that it is entitled to summary judgment on all of Plaintiff's claims of discrimination.

2

## II.  STANDARD OF REVIEW

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary-judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific

evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

The Court will now apply the above-guidelines to determine whether the Motion for Summary Judgment should be granted.[2]

### III.  ANALYSIS

**A.    Plaintiff's Retaliation Claim**

Plaintiff alleges that she was terminated in retaliation for having filed a complaint with the Texas Education Agency ("TEA") regarding TPS's lack of special education services. Specifically, Plaintiff avers that on October 22, 2004, she notified her supervisor, Mark Terry, that she was planning on filing a complaint with the TEA regarding the school's failure to provide special education services to its students as required by the TEA. *See* Charge of Discrimination, Exh. 2A

---

[2]In a previous Order (Clerk's Docket No. 33), the Court denied Plaintiff permission to amend her complaint to add new claims of retaliation and discrimination regarding her alleged learning disability. Accordingly, the Court will only address those claims which were raised by Plaintiff in her Complaint and in her Charge of Discrimination in the instant Report and Recommendation.

to Defendant's MSJ. Plaintiff filed her complaint letter with the TEA that same day. *See* Exh. 2H to Defendant's MSJ. Plaintiff alleges that she was fired four days later, on October 26, 2004, in retaliation for having filed the complaint with the TEA.

The anti-retaliation provision of Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). An "unlawful employment practice" is defined as the failure or refusal of an employer to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's "race, color, religion, sex or national origin ..." 42 U.S.C. § 2000e-2(a)(1). In order to demonstrate a *prima facie* claim of retaliation, a plaintiff must demonstrate that: (1) she engaged in activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse employment action. *See, e.g., McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007). The Fifth Circuit has defined "protected activity" as "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (citation omitted). *See also*, *Brands-Kousaros v. Banco Di Napoli S.P.A.*, 1997 WL 790748, at *5 (S.D.N.Y. Dec.23, 1997) ("the protected activity alleged must involve some sort of complaint about a type of discrimination that Title VII forbids"). Thus, if the conduct complained of by the plaintiff had nothing to do with race, color, religion, sex, or national origin, a retaliation claim cannot be maintained under Title VII.

In the instant case, Plaintiff's Complaint to the TEA[3] regarding her employer's failure to provide sufficient special education services to their students does not oppose any practices made unlawful under Title VII (such as race or sex discrimination), and thus is not "protected activity" under Title VII.. *See Johnson v. Holway*, 439 F. Supp.2d 180, 225 (D.D.C. 2006) (holding that unfair labor practice charges filed by local union officials against international union did not qualify as "protected activity" for purposes of Title VII retaliation claim, since plaintiffs' charges did not oppose practices made unlawful under Title VII, but instead were part of an ongoing political struggle totally unrelated to protections afforded by Title VII); *Marshall v. National Assoc. of Letter Carriers*, 2003 WL 223563 at * 9 (S.D.N.Y. Feb. 3, 2003) (holding that postal service employee's grievances filed with letter carriers' union which were not directed at enforcement of rights protected by Title VII did not constitute protected activity for purposes of employee's Title VII retaliation claim); *Jones v. New York City Health and Hosp. Corp.*, 2003 WL 30412 at * 4 (S.D.N.Y. Jan. 3, 2003) (holding that female employee's complaints about her salary did not constitute protected activity, and thus could not serve as basis for retaliation claim under Title VII, where employee never suggested to employer that her low salary was function of her gender). Plaintiff's Complaint to the TEA is more akin to whistle blowing which is not activity protected by Title VII. *See Santucci v. Veneman*, 2002 WL 31255115 at * (S.D.N.Y. Oct. 8, 2002) (Agriculture Department's complaints regarding agency's work scheduling system were not protected activities under Title VII since complained of conduct had nothing to do with race, color, religion, sex, or national origin); *Goodman v. New York City Off-Track Betting Corp.*, 1999 WL 269959, at *10 (S.D.N.Y. May 4, 1999) (plaintiff failed to state a claim for retaliation because "his reports of alleged improprieties"

---

[3]*See* Exh. 2H to Defendant's MSJ.

at work constituted whistle blowing activity not protected under Title VII). Because Plaintiff has failed to engage in activity protected by Title VII, she has failed to demonstrate a *prima facie* claim of retaliation.

Even if Plaintiff had made out a *prima facie* claim of retaliation, Plaintiff has failed to demonstrate that the Defendants' nondiscriminatory reason for her termination was a pretext for retaliation. Once a *prima facie* case of retaliation is established, the burden of producing some nondiscriminatory reason for the employment action falls upon the defendant. *EEOC v. J.M Huber Corp.*, 927 F.3d 1322, 1326 (5th Cir. 1991). If the defendant fulfills this burden, the burden shifts to the employee to demonstrate that the reasons were given were a pretext for discrimination. *Id.*

Defendants contend that Plaintiff was terminated not in retaliation for having filed a complaint with the TEA but instead for insubordination. Specifically, Defendants contend that during a staff meeting in October 2004, Plaintiff refused to accept an assignment to teach a math course and was rude and disrespectful toward her supervisor. Defendants also note that Plaintiff had been reprimanded for having made negative public comments about a colleague and for mistreating a student. Plaintiff has failed to come forward with any summary judgment evidence to rebut Defendants' nondiscriminatory reasons for her termination. Accordingly, Defendants' Motion for Summary Judgment with regard to Plaintiff's retaliation claim should be granted.

**B.    Plaintiff's Sex Discrimination Claims**

Plaintiff's Complaint alleges that she was discriminated against because of her sex and that she was the victim of a hostile work environment due to sexual harassment. Interestingly, Plaintiff's charge of discrimination did not allege that she was discriminated against because of her sex, but rather that she was terminated in retaliation for having notified the TEA regarding the TPS's failure

to provide special education classes. *See* Exh. 2 to Defendant's MSJ. To survive summary judgment on her sex discrimination claims, Plaintiff must satisfy the burden shifting test established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and affirmed in *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133 (2000). Under this test, the plaintiff must first establish a *prima facie* case of discrimination. *Reeves*, 530 U.S. at 142; *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005). If the plaintiff establishes a *prima facie* case of discrimination, then the burden shifts to the defendant to rebut plaintiff's case by articulating a legitimate, nondiscriminatory reason for its decision. *Reeves,* 530 U.S. at 142. If the defendant produces a legitimate reason, any presumption of discrimination raised by the plaintiff's *prima facie* case vanishes. *Septimus,* 399 F.3d at 609. However, the plaintiff may still avoid summary judgment if she demonstrates a genuine issue of material fact as to whether the legitimate reasons proffered by the defendant are not its true reasons, but instead are a pretext for discrimination. *Id.*

In order to establish a *prima facie* case of sex discrimination, a plaintiff must show that she (1) is a member of a protected class; (2) was qualified for her position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class, or that other similarly situated people were treated more favorably. *Septimus*, 399 F.3d at 609. A plaintiff can establish that she was sexually harassed in violation of Title VII by proving, inter alia, that the harassment created a hostile or abusive working environment. In addition, to establish a *prima facie* case of hostile work environment, an employee must show that (1) she belongs to a protected group, (2) she was subjected to unwelcome sexual harassment, (3) the harassment was based on sex, (4) the harassment affected a term, condition, or privilege of her employment, and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005) (citing *Woods v. Delta Beverage Group, Inc.*, 274 F.3d 295, 298 (5th Cir. 2001)).  Defendants argue that Plaintiff has failed to allege a *prima facie* case of sex discrimination because she has failed to demonstrate that she was qualified for her position or that she was replaced by someone outside of the protected class. Similarly, Defendants argue that Plaintiff cannot make out a claim of sexual harassment because she has failed to identify any conduct which would rise to the level of sexual harassment.  In response to Defendants' Motion for Summary Judgment, Plaintiff fails to address her claims of sex discrimination and sexual harassment and makes no attempt to establish a *prima facie* case of sex discrimination or sexual harassment. Because Plaintiff has failed to provide the Court with any evidence to support her allegations of sexual discrimination and harassment, and as the Defendants have submitted competent summary judgment evidence refuting Plaintiff's allegations, there is no genuine issue of material fact concerning Plaintiff's sex discrimination and sexual harassment claims.  Accordingly, Defendants are therefore entitled to judgment as a matter of law with regard to these claims.  *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (mere conclusory allegations are not competent summary-judgment evidence, and thus are insufficient to defeat a motion for summary judgment); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.) (unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence), *cert. denied*, 513 U.S. 871 (1994).

**C.     Plaintiff's Remaining Claims**

In addition to Plaintiff's sex discrimination and retaliation claims, Plaintiff's Complaint alleges that Defendant TPS failed to sufficiently hire, train and supervise its supervisors and that Mark Terry tortiously interfered with Plaintiff's business relationships.  Although Defendants move

for summary judgment with regard to these claims, Plaintiff fails to address any of Defendants' arguments with regard to these claims. Accordingly, Plaintiff has failed to come forward with competent summary judgment evidence of the existence of a genuine fact issue as to these claims and the Defendant is entitled to summary judgment with regard to these claims as well.

**D.     Conclusion**

As discussed above, Plaintiff has failed to some forward with competent summary judgment evidence in support of any of her claims in this lawsuit. Accordingly, Defendants are entitled to summary judgment with regard to all of Plaintiff's claims in this case.

### IV.   RECOMMENDATION

Based upon the foregoing, the Magistrate Court RECOMMENDS that the District Court GRANT Defendants' Motion for Summary Judgment (Clerk's Docket No. 17) in its entirety.

### V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466,

472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of January, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE